UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>               Plaintiff,<br><br>    v.<br><br>S. HESLOP, et al.,<br><br>               Defendants. | No. 2:20-cv-01622 KJM DB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, filed this action in the San Joaquin County Superior Court. Defendants removed the present action pursuant to 28 U.S.C. §1441(a) as plaintiff asserts claims under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims defendants used unnecessary force, retaliated against the plaintiff, and violated his due process and equal protection rights. (Id. at 11.) Plaintiff also asserts a number of claims under the California Civil Code. (Id. at 10-11.) Before the court is plaintiff's complaint for screening. (Id. at 4-15.) For the reasons stated below, plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint.

////

////

////

////

**SCREENING**

I.   **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.  Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant

with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

### III. Allegations in the Complaint

At all relevant times, plaintiff was an inmate at California Health Care Facility (CHCF). (ECF No. 1 at 4.) The complaint names as defendants: California Department of Corrections and Rehabilitation ("CDCR") Correctional Counselor S. Heslop, CDCR Correctional Lieutenant B. Velasquez, CDCR Correctional Officer A. Sawma, and CDCR Warden L. Eldridge. (Id.) Plaintiff also names "Does 1-10" as defendants. (Id. at 5.)

In his complaint, plaintiff alleges the following: on January 7, 2019, plaintiff "exercised his statutory right to refuse First Staff Assistant S. Heslop" as he did not feel safe around him. (Id.) Plaintiff first informed his counselor that he felt unsafe around defendant Heslop at 9:00 a.m. (Id. at 5-6.) "Approximately 20 minutes into group," defendant Heslop arrived and asked to speak with the plaintiff. (Id. at 6.) Plaintiff said he did not want to do so as he felt uncomfortable and unsafe with defendant Heslop. (Id.) Defendant Heslop told the other inmates and the group facilitator to exit the room. (Id.) After they did so defendant Heslop approached the inmate "in a threatening manner." (Id.) Plaintiff feared for his safety and called for help from the "Mental Health Clinic" officers. (Id.) Correctional Officer Lene arrived and plaintiff informed Officer Lene that "he felt unsafe and threatened by Heslop." (Id.) Defendant Heslop yelled that plaintiff had to talk to him as plaintiff is a convicted felon. (Id.) Plaintiff restated that he feared for his safety and defendant Heslop left the room. (Id.)

After the other inmates and group facilitator reentered the room, defendant Heslop returned and "told the plaintiff he had to leave his priority mental health group." (Id. at 7.) Plaintiff complied as Officer Lene informed him he had to leave the room. (Id.) When plaintiff was outside, defendant Heslop told plaintiff that he would take plaintiff back to plaintiff's unit. (Id.) Plaintiff again told Officer Lene that he felt unsafe alone with defendant Heslop. (Id.) Defendant Heslop "aggressively grabbed Plaintiff angrily and with force shove him against the wall." (Id.) Defendant Heslop then placed plaintiff in handcuffs causing an "A/C separated left shoulder" causing plaintiff "extreme pain." (Id.) When defendant Heslop attempted to force the

4

plaintiff to walk, plaintiff fell to the ground. (Id. at 7-8.) Officer Lene then intervened and took over transporting the plaintiff with Officer Vang. (Id. at 8.)

Once plaintiff was again released, he informed Captain Romero of defendant Heslop's actions. (Id.) Captain Romero directed plaintiff to go to the clinic to be treated for his injury and pain. (Id.) At the clinic, plaintiff was told by Clinic Officer Langford that he needed to put in a "sick call slip" to be seen. (Id.) On January 8, 2019, plaintiff received medical attention including an X-Ray of his shoulder. (Id.)

Plaintiff submitted an "appeal on Heslops Assault/Battery and actions" on January 7, 2019. (Id.) "In retaliation Heslop wrote plaintiff a Rule Violation Report (RVR) with false statements and omissions on 1/10/19 (three days later)." (Id. at 9.) An RVR hearing was conducted on January 25, 2019. (Id.) Defendant A. Sawma was appointed as plaintiff's staff assistant for the hearing. (Id.) At the hearing, defendant B. Velasquez refused to allow camera footage of the incident to be shown or allow the plaintiff to call witnesses. (Id.) Plaintiff asked defendant Sawma for assistance but she refused by saying, "I am not your lawyer." (Id.) Plaintiff was found guilty of a rule violation and "given 90 days of maximum punishments (no dayroom, canteen, packages, loss of time credits, and disallowed to participate in Father's Day dinner with his son)." (Id.) Plaintiff's appeal of this decision was denied by defendant L. Eldridge on March 4, 2019. (Id. at 9-10.) On July 2, 2019, the "Chief Inmate Appeals Office" found plaintiff's inability to call available witnesses was a due process violation. (Id. at 10.) The office also found that the RVR submitted by Heslop was "'…unable to support the listed charge…'" and dismissed the RVR. (Id.)

Plaintiff also states in the complaint that he is diagnosed with schizophrenia, "several medical conditions and is mobility impaired." (Id. at 6-7.)

Plaintiff alleges defendant Heslop "committed assault/battery upon plaintiff resulting in injury with unreasonable, unnecessary excessive force and unauthorized bodily restraint" in violation of California Civil Code 43 and 3333. (Id. at 10.) Plaintiff further alleges defendant Heslop interfered with "Plaintiff's statutory, state and Federal rights with force intimidation, threats and coercion" in violation of California Civil Code 52.1 and that he interfered with

plaintiff's rights "due to his class as a prisoner" in violation of California Civil Code 51.7. (Id. at 10-11.)

Plaintiff also brings claims under 42 U.S.C. § 1983. (Id. at 11.) Specifically, the plaintiff alleges that defendant Heslop used excessive force and retaliated against the plaintiff in violation of the plaintiff's Eighth Amendment and First Amendment rights, respectively. (Id.) The plaintiff also alleges that defendants Velasquez and Sawma violated plaintiff's due process and equal protection rights. (Id.) Finally, the plaintiff claims defendant Eldridge "failed to act when made aware of Constitutional deprivations and ratified the actions of her subordinates." (Id.) Plaintiff does not appear to make any claims against the ten Doe defendants.

**IV. Does Plaintiff State a Claim under § 1983?**

**A. Excessive Force**

Plaintiff alleges that defendant Heslop violated plaintiff's Eighth Amendment rights through the use of excessive force.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Under the facts plaintiff alleges, the use of force by defendant Heslop does not appear to have been used in a good-faith effort to maintain or restore discipline. See generally Hudson, 503 at 6-7. Plaintiff claims that he was complying with orders from correctional officers. (ECF No. 1 at 7.) The complaint alleges that defendant Heslop's use of force was in response to plaintiff expressing his concerns to Officer Lene about his safety with defendant Heslop. (Id.) If true, this use of force, which injured the plaintiff, would not be related to maintaining or restoring discipline.

////

As such, plaintiff has alleged sufficient facts to raise a cognizable claim against defendant Heslop for excessive force in violation of his Eighth Amendment rights.

### B. Retaliation

Plaintiff claims that defendant Heslop retaliated against the plaintiff in violation of his First Amendment rights. Plaintiff alleges that in retaliation for plaintiff filing a grievance, defendant Heslop filed a false RVR against the plaintiff. (ECF No. 1 at 9.)

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff has alleged sufficient facts to state a claim for retaliation. Plaintiff claims that defendant Heslop retaliated for filing a grievance against plaintiff. (ECF No. 1 at 9.) Inmates have a right to file a grievance against correctional officers. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Plaintiff has alleged that in response to plaintiff filing a grievance, defendant Heslop filed an RVR containing "false statements and omissions." (ECF No. 1 at 9.) The filing of a false report against the plaintiff in retaliation for plaintiff filing a grievance satisfies the elements required to state a claim for retaliation under the First Amendment.

As such, plaintiff has stated sufficient facts to state a claim against defendant Heslop for retaliation in violation of the plaintiff's First Amendment rights.

### C. Due Process and Equal Protection

Plaintiff alleges that defendant Velasquez and Sawma violated his "Due Process and Equal Protection Constitutional Rights." (Id. at 11.) Plaintiff specifies that he alleges his rights were violated in relation to the RVR hearing which occurred on January 25, 2019. (Id.)

#### 1. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish

that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). Where a disciplinary hearing is vacated due to procedural deficiencies upon administrative appeal, there does not exist a due process violation. Aldridge v. Gomez, 41 F.App'x 995, 995 (9th Cir. 2002).

The complaint states that the plaintiff's inability to call witnesses at his hearing was determined to be a due process violation upon review by CDCR. (ECF No. 1 at 10.) Plaintiff also states that the RVR was subsequently dismissed in its entirety. (Id.) As such, the plaintiff has not alleged sufficient facts to state a claim for violation of his due process rights. Given that the CDCR review process already identified and addressed the alleged due process violation, the facts alleged do not show there is a life, liberty, or property interest at stake.

Accordingly, plaintiff's claim that his due process rights were violated will be dismissed with leave to amend.

### 2. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). Disability is not a suspect class for Equal Protection purposes. Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008).

The complaint simply states that plaintiff's equal protection rights were violated during the disciplinary hearing which was conducted. (ECF No. 1 at 11.) Plaintiff states that he has schizophrenia and physical disabilities (Id. at 6-7) but disability is not a suspect class. Further,

8

plaintiff does not allege any facts showing that he was treated differently from all similarly situated inmates. This claim is entirely conclusory and, as such, is insufficient.

Accordingly, plaintiff's claim that his equal protection rights were violated by defendants Velasquez and Sawma is dismissed with leave to amend.

### D. Supervisory Liability

Plaintiff alleges that defendant Eldridge violated his constitutional rights when he failed to act "when made aware of constitutional deprivations." (ECF No. 1 at 11.)

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v. Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013). A defendant who reviewed plaintiff's appeals is only liable if plaintiff demonstrates that the denial of an appeal caused him further injury.

Plaintiff has only alleged that defendant Eldridge denied his appeal of the disciplinary hearing decision. (ECF No. 1 at 10.) This is not sufficient to state a claim against defendant Eldridge for violating plaintiff's constitutional rights. See George v. Smith, 507 F.3d at 609; Hernandez v. Cate, 918 F. Supp. 2d at 1018.

Accordingly, plaintiff's supervisory liability claim against defendant Eldridge will be dismissed with leave to amend.

### V. California Law Claims

Plaintiff also alleges defendants committed multiple violations of the California civil code. However, plaintiff has not pled compliance with the California Government Claims Act

////

////

////

9

("GCA")[1], which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov't Code §§ 905.2, 911.2, 945.2, 950.2; Munoz v. California, 33 Cal.App.4th 1767, 1776 (1995). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, in order to state civil claims against a public employee, plaintiff must allege compliance with the GCA and if he failed to comply, he may not bring any state law civil claims in this action, regardless of the merits of those claims. Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. Karim-Panahi, 839 F.2d at 627.

Plaintiff's purported state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

## AMENDING THE COMPLAINT

This court finds above that plaintiff's complaint states cognizable claims against defendant Heslop for using excessive force in violation of plaintiff's Eighth Amendment rights and retaliation in violation of his First Amendment rights. However, the plaintiff's complaint fails to state any other cognizable claim. Additionally, plaintiff has failed to allege compliance with the GCA for his state law claims.

Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint to state additional claims against defendant Heslop or any other defendant. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

---

[1] The complaint includes a single line that says, "plaintiff has exhausted a Government claim on herein facts." (ECF No. 1 at 12.) However, this statement is not sufficient for these purposes as plaintiff still has not clearly pled compliance with the GCA as is necessary.

10

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

////

("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**USAGE OF "DOE" DEFENDANTS**

The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Eventually, plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names. Since by this order plaintiff will be granted the option to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendant without further assistance from the court. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

Further, "John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person. If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights. If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

////

////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint states a cognizable Eighth Amendment excessive force claim and First Amendment retaliation claim against defendant S. Heslop.
2. All other claims in the complaint are dismissed with leave to amend.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within sixty (60) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 28, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/wilk1622.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HESLOP, et al.,<br><br>    Defendants. | No. 2:20-cv-01622 KJM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim and First Amendment retaliation claim against CDCR Correctional Officer S. Heslop. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                                       Keenan Wilkins
                                                                                       Plaintiff pro se