UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. HESLOP, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-01622 KJM DB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, filed this action in the San Joaquin County Superior Court.  Defendants removed the present action pursuant to 28 U.S.C. §1441(a) as plaintiff asserts claims under 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claims defendants used unnecessary force, retaliated against the plaintiff, and violated his due process and equal protection rights.  Plaintiff also asserts a number of claims under the California Civil Code.  Before the court is plaintiff's First Amended Complaint ("FAC") for screening.  (ECF No. 15.)

For the reasons stated below, plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint.

**SCREENING**

**I.　　Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

2

1  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A
2  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
3  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
4  an act which he is legally required to do that causes the deprivation of which complaint is made."
5  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
7  their employees under a theory of respondeat superior and, therefore, when a named defendant
8  holds a supervisorial position, the causal link between him and the claimed constitutional
9  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
10 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
11 concerning the involvement of official personnel in civil rights violations are not sufficient. See
12 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13     **II.    Linkage Requirement**

14     Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate
15 that each defendant personally participated in the deprivation of his rights. See Jones v.
16 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between
17 the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
18 Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor
19 v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

20     Government officials may not be held liable for the actions of their subordinates under a
21 theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in
22 Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious
23 liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has
24 violated the Constitution through his own individual actions by linking each named defendant
25 with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.
26 Id. at 676.
27 ////
28 ////

### III. Allegations in the Complaint

At all relevant times, plaintiff was an inmate at California Health Care Facility ("CHCF"). (ECF No. 15 at 1.) The complaint names as defendants: California Department of Corrections and Rehabilitation ("CDCR") Correctional Counselor S. Heslop, CDCR Correctional Lieutenant B. Velasquez, CDCR Correctional Officer A. Sawma, and CHCF Warden L. Eldridge. (Id. at 2.)

In his complaint, plaintiff alleges the following: on January 17, 2019, plaintiff "exercised his statutory right to refuse First Staff Assistant S. Heslop" as he did not feel safe around him based on previous comments defendant Heslop made. (Id. at 5.) Plaintiff first informed his counselor that he felt unsafe around defendant Heslop around 9:00 a.m. (Id.) "After approximately 20 minutes into group," defendant Heslop arrived and asked to speak with the plaintiff. (Id.) Plaintiff said he did not want to do so as he felt uncomfortable and unsafe with defendant Heslop. (Id.) Defendant Heslop told the other inmates and the group facilitator to exit the room. (Id. at 6.) After they did so defendant Heslop approached the inmate "in a threatening manner." (Id.) Plaintiff feared for his safety and called for help from the "Mental Health Clinic officers." (Id.) Correctional Officer Lene arrived and plaintiff informed Officer Lene that "he felt unsafe and threatened by Heslop." (Id.) Defendant Heslop yelled that plaintiff had to talk to him as plaintiff is a convicted felon. (Id.) Plaintiff restated that he feared for his safety and defendant Heslop left the room. (Id.)

After the other inmates and group facilitator reentered the room, defendant Heslop returned and "told the plaintiff he had to leave his priority mental health group." (Id. at 6-7.) Plaintiff complied as Officer Lene informed him he had to leave the room. (Id. at 7.) When plaintiff was outside, defendant Heslop told plaintiff that he would take plaintiff back to plaintiff's unit. (Id.) Plaintiff again told Officer Lene that he felt unsafe alone with defendant Heslop. (Id.) Defendant Heslop "aggressively grabbed Plaintiff angrily and with force shoved him against the wall." (Id.) Defendant Heslop then placed plaintiff in handcuffs causing an "A/C separated left shoulder" causing plaintiff "extreme pain." (Id.) When defendant Heslop attempted to force the plaintiff to walk, plaintiff fell to the ground. (Id. at 7-8.) Officer Lene then intervened and took over transporting the plaintiff with Officer Vang. (Id. at 8.)

Once plaintiff was again released, he informed Captain Romero of defendant Heslop's actions. (Id.) Captain Romero directed plaintiff to go to the clinic to be treated for his injury and pain. (Id.) At the clinic, plaintiff was told by Clinic Officer Langford that he needed to put in a "sick call slip" to be seen. (Id.) On January 8, 2019, plaintiff received medical attention including an X-Ray of his shoulder. (Id.)

Following the above incident, "[p]laintiff sought redress against Heslop." (Id. at 9.) "[I]n retaliation…Heslop wrote a retaliatory write-up with false statements that resulted in 90 days of most serious punishment." (Id.) Defendant Sawma "served the write-up" to plaintiff on or around January 11, 2019. (Id. at 11.) Defendant Sawma told plaintiff that "she was his staff assistant." (Id.) On January 25, 2019, plaintiff's discplinary hearing was held. (Id. at 12.) Defendant Sawma did not meet with or provide assistance to plaintiff prior to the hearing.

At the hearing, the hearing officer, defendant B. Velasquez, refused to allow camera footage of the incident to be shown or allow the plaintiff to call witnesses. (Id.) Defendant Velasquez also denied plaintiff's request to obtain and present documentary evidence and refused to consider the mental health assessment of the plaintiff. (Id.) Plaintiff asked defendant Sawma for assistance but she refused by saying, "I am not your lawyer." (Id. at 13.)

Plaintiff was found guilty of a rule violation and "given maximum punishments." (Id.) Plaintiff's appeal of this decision was denied by defendant L. Eldridge. (Id.) The "Chief Appeals office" found plaintiff's inability to call available witnesses was a due process violation. (Id.) The office also found they were "'…unable to support the listed charge…'" and dismissed the RVR, though punishment was still completed. (Id.)

Plaintiff claims that he was denied equal protection as a "class of one", that defendant Heslop retaliated against him and used excessive force, and that his due process rights were violated. Plaintiff also seeks to assert a number of state law claims and has pled compliance with Government Claims Act. (Id. at 17.)

////

////

////

**IV.     Does Plaintiff State a Claim under § 1983?**

    **A. Excessive Force**

Plaintiff alleges that defendant Heslop violated plaintiff's Eighth Amendment rights through the use of excessive force.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Under the facts plaintiff alleges, the use of force by defendant Heslop does not appear to have been used in a good-faith effort to maintain or restore discipline. See generally Hudson, 503 at 6-7. Plaintiff claims that he was complying with orders from correctional officers. (ECF No. 15 at 7.) The complaint alleges that defendant Heslop's use of force was in response to plaintiff expressing his concerns to Officer Lene about his safety with defendant Heslop. (Id.) If true, this use of force, which injured the plaintiff, would not be related to maintaining or restoring discipline.

As such, plaintiff has alleged sufficient facts to raise a cognizable claim against defendant Heslop for excessive force in violation of plaintiff's Eighth Amendment rights.

    **B. Retaliation**

Plaintiff claims that defendant Heslop retaliated against the plaintiff in violation of his First Amendment rights. Plaintiff alleges that in retaliation for plaintiff "seeking redress" defendant Heslop filed a false RVR against the plaintiff. (ECF No. 15 at 9.)

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

////

6

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff has alleged sufficient facts to state a First Amendment retaliation claim. Plaintiff's statement that he "sought redress" against defendant Heslop could have multiple meanings. (ECF No. 15 at 9)  However, the court must construe plaintiff's allegations in the light most favorable to the plaintiff. Jenkins, 395 U.S. at 421.  Viewed in the most favorable contest, plaintiff's claim appears to be that defendant Heslop retaliated for plaintiff filing an inmate grievance.  Inmates have a right to file a grievance against correctional officers.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Plaintiff has alleged that in response to plaintiff filing a grievance, defendant Heslop filed an RVR containing "false statements and omissions." (ECF No. 15 at 9.)  The filing of a false report against the plaintiff in retaliation for plaintiff filing a grievance satisfies the elements required to state a claim for retaliation under the First Amendment.

As such, plaintiff has stated sufficient facts to state a claim against defendant Heslop for retaliation in violation of the plaintiff's First Amendment rights.

### C. Due Process and Equal Protection

Plaintiff alleges that defendant Velasquez and Sawma violated his due process and equal protection rights.  Plaintiff specifies that he alleges his rights were violated in connection with his disciplinary hearing.

#### 1. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted).  Where a disciplinary hearing is vacated due to procedural deficiencies upon administrative appeal, there does not exist a due process violation. Aldridge v. Gomez, 41 F.App'x 995, 995 (9th Cir. 2002).

The complaint states that the plaintiff's inability to call witnesses at his hearing was determined to be a due process violation upon review by CDCR.  (ECF No. 15 at 13.)  Plaintiff

7

also states that the RVR was subsequently dismissed in its entirety.  (Id.)  A plaintiff cannot state a procedural due process claim where disciplinary proceedings are rendered null and the plaintiff is not subject to credit loss or further punishment.  See Strohmeyer v. Belanger, 661 Fed. Appx. 471, 473, (9th Cir. 2016);  See also Randolph v. Sandoval, 1:18-cv-00968-LJO-BAM (PC), 2020 WL 814136, at *6 (E.D. Cal. Feb. 19, 2020) (findings and recommendations adopted by Randolph v. Sandoval, 1:18-cv-00968-LJO-BAM (PC), 2020 WL 2538379, at *2 (E.D. Cal. May 19, 2020)) (finding plaintiff could not state a claim based on a disciplinary violation as it was later overturned and collecting cases where other courts have found the same);  Molina v. Allison, EDCV 20-00518-SVW (AS), 2022 WL 3013179, at *9 (C.D. Cal. June 8, 2022);  Horne v. Coughlin, 155 F.3d 26, 31, n.3 (2nd Cir. 1998); Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995).

Plaintiff has not alleged sufficient facts to state a claim for violation of his due process rights.  Given that the CDCR review process already identified and addressed the alleged due process violation and there is no apparent loss of credits or further punishment, the facts alleged do not show there is a life, liberty, or property interest at stake.  Plaintiff has not alleged sufficient facts to state a claim for violation of his procedural due process rights.

Accordingly, plaintiff's claim that his due process rights were violated will be dismissed with leave to amend.

### 2. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)).  An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated

8

differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008).  A "class of one" equal protection claim has three elements: the defendants "(1) intentionally (2) treated [plaintiffs] differently than other similarly situated [mine operators], (3) without a rational basis."  Gearhart v. Lake County Mont., 637 F.3d 1013, 1022 (9th Cir. 2011); See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)

Plaintiff claims that as a "class of one" his equal protection rights were violated as he was treated differently from similarly situated inmates.  (ECF No. 15 at 10.)   Plaintiff specifically asserts that he was denied the right to call witnesses, the assistance of a staff assistant, the ability to present documentary evidence, the right to have mental health assessment considered, and the opportunity to have camera footage presented during the hearing.  (Id. at 14-15.)  Plaintiff argues that other similarly situated inmates received different treatment despite plaintiff's objections and includes citations to state regulations granting some of these as rights to inmates.  (Id.)  Plaintiff asserts that there was no rational basis for the difference in treatment.  (Id. at 15.)

These factual allegations appear to satisfy the elements of a class of one equal protection claim.  See Gearhart 637 F.3d at 1022.  Plaintiff has alleged at least minimally sufficient facts to state a class-of-one equal protection claim against defendants Velasquez and Sawma.

**A. Supervisory Liability**

Plaintiff alleges that defendant Eldridge violated his constitutional rights when he failed to act "when made aware that plaintiff was denied equal protection and due process." (ECF No. 15 at 15.)

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  A defendant who denies a plaintiff's inmate appeal is only liable if plaintiff demonstrates that defendant knew of an ongoing or impending constitutional violation and failed to act.  Ellis v. Foulk, 2:14-cv-00802-AC P, 2015 WL 4662766, at *5 (E.D. Cal. Aug. 5, 2015) (citing Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir.

9

2006)); Fratus v. California Dep't of Corr., 1:12-cv-00906-LJO-SKO (P), 2014 WL 1338903, at *3-4 (E.D. Cal. Apr. 2, 2014) (stating that denial of an appeal for a past violation of constitutional rights during a disciplinary hearing does not subject defendants to liability for that previous violation).

Plaintiff has only alleged that defendant Eldridge "reviewed and denied" his appeal of the disciplinary hearing decision "without warranted action." (ECF No. 15 at 13.) Based on the facts in the complaint, this is the extent of defendant Eldridge's involvement in plaintiff's claims. These facts are not sufficient to state a claim against defendant Eldridge for violating plaintiff's constitutional rights as they do not show that defendant knew of an ongoing or impending violation. See Ellis, 2015 WL 4662766, at *5; See also Fratus, 2014 WL 1338903, at *3-4.

Accordingly, plaintiff's supervisory liability claim against defendant Eldridge will be dismissed with leave to amend.

### V. California Law Claims

Plaintiff also alleges defendants committed multiple violations of the California civil code. (ECF No. 15 at 17.) Plaintiff also claims that he has complied with the California Government Claims Act. (Id.) However, plaintiff's state law claims are entirely conclusory. Plaintiff simply asserts these claims "based on the facts presented in claims 1 thru 5" and then lists five purported violations of state law. (Id.) Plaintiff does not make any clear factual allegations in connection with these state law claims. As such, these claims are entirely conclusory. Plaintiff's state law will be dismissed with leave to amend for failure to allege sufficient facts to state a claim.

## AMENDING THE COMPLAINT

This court finds above that plaintiff's complaint states cognizable claims against defendant Heslop for using excessive force in violation of plaintiff's Eighth Amendment rights and retaliation in violation of his First Amendment rights. It is also found that plaintiff has stated a cognizable equal protection claim against defendant Velasquez. However, the plaintiff's complaint fails to state any other cognizable claim.

////

Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint to state additional claims against defendant Heslop or any other defendant. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

11

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint states cognizable claims against defendant S. Heslop for excessive force in violation of plaintiff's Eighth Amendment rights and retaliation in violation of his First Amendment rights.  It also states a cognizable Fourteenth Amendment equal protection claim against defendants B. Velasquez and A. Sawma.
2. All other claims in the complaint are dismissed with leave to amend.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within sixty (60) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  September 9, 2022

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/wilk1622.scrn(2)

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

12

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>S. HESLOP, et al.,<br><br>        Defendants. | No. 2:20-cv-01622 KJM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim and First Amendment retaliation claim against CDCR Correctional Officer S. Heslop as well as his Fourteenth Amendment equal protection claim against CDCR Correctional Lieutenant B. Velasquez and CDCR Correctional Officer A. Sawma.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                         Keenan Wilkins
                                                         Plaintiff pro se