UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEENAN WILKINS, | No. 2:20-cv-01622 DJC DB P |
|---|---|
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| S. HESLOP, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se with claims under 42 U.S.C. § 1983 for excessive force, retaliation, and violations of due process and equal protection. Plaintiff also asserts state law claims. Plaintiff's motion to compel discovery, motion to modify the scheduling order, motion for leave to amend, and request for judicial notice are before the court. (ECF Nos. 39, 43, 45, and 50.) For the reasons set forth below, plaintiff's motion to compel discovery and request for judicial notice are denied. Plaintiff's motion to modify the scheduling order is granted in part, as set forth below. The undersigned recommends the motion for leave to amend be denied.

**I.     Background and Plaintiff's Allegations**

Plaintiff filed this action in the San Joaquin County Superior Court and defendants removed the case pursuant to 28 U.S.C. § 1441(a). (ECF No. 1.) At all relevant times, plaintiff was an inmate at California Health Care Facility ("CHCF"). (ECF No. 20 at 1.)

The operative complaint alleges S. Heslop used excessive force against plaintiff on January 17, 2019, after plaintiff refused Heslop as his staff assistant and stated he did not feel safe around Heslop. (ECF No. 20 at 3.) Plaintiff "sought redress against Heslop" following the incident. (ECF No. 20 at 7.) In an alleged act of retaliation, Heslop issued a "write-up with false statements" which resulted in 90 days of punishment. (Id.)

Plaintiff alleges defendant Sawma, his staff assistant, did not meet with him or provide him assistance pertaining to disciplinary hearing on January 25, 2019. (ECF No. 20 at 9-11.) The hearing officer, defendant B. Velasquez, refused to allow camera footage of the incident to be shown, refused to allow plaintiff to call witnesses, denied plaintiff's request to obtain and present documentary evidence, and refused to consider plaintiff's mental health assessment. (Id.)

Plaintiff was found guilty of a rule violation. (ECF No. 20 at 11.) Although the RVR was dismissed on appeal, plaintiff still suffered the punishment. (Id.)

On July 24, 2023, the court ordered that this case proceeds on the following claims: (1) against defendant S. Heslop for excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment, assault, battery, and violation of the Bane Act; and (2) against B. Velasquez and A. Sawma for a violation of plaintiff's equal protection rights under the Fourteenth Amendment. (ECF No. 34.)

On August 8, 2023, the court entered a scheduling order setting a discovery deadline of December 7, 2023, and a dispositive motion deadline of March 7, 2024. (ECF No. 38.)

On November 2, 2024, plaintiff moved to modify the discovery scheduling order. (ECF Nos. 39, 40.)[1] [2] On November 30, 2023, plaintiff filed a motion to compel discovery. (ECF No. 43.) On December 21, 2023, plaintiff filed a motion for leave to file a further amended complaint. (ECF No. 45.) These motions are fully briefed with defendants' oppositions and plaintiff's replies. (ECF Nos. 41, 42, 44, 47, 48. 49.)

---

[1] Plaintiff's motion to modify the scheduling order was filed twice.

[2] The prison mailbox rule applies to plaintiff's filings. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Since application of the mailbox rule does not affect the court's analysis in this instance, the court references the dates plaintiff's motions were filed to the docket rather than the dates of constructive filing.

2

On February 5, 2024, defendants filed a motion for summary judgment. (ECF No. 51.) Briefing on the defendants' motion for summary judgment is currently stayed. (ECF No. 54.)

**II.     Motion to Compel**

Plaintiff served requests for production of documents ("RFPs) and interrogatories to defendants Sawma, Velasquez, and Heslop. (ECF No. 43 at 2.) Upon receiving interrogatory responses, plaintiff gave defendants' counsel "notice of perjury" within the interrogatories. (Id. at 4.) The responses were then amended. (Id.) In the motion to compel presently before the court, plaintiff moves to compel the defendants to respond further to RFP numbers 4, 6, and 7, and for defendant Sawma to provide a further response to interrogatory number 7. (Id. at 4-9.)

**RFP No. 4**

RFP No. 4 seeks training documents pertaining to the defendants' interactions with mentally ill inmates. Defendants produced their training logs in a supplemental response. Plaintiff does not dispute the defendants' contention that the motion to compel is moot as to RFP No. 4. The motion is denied as to RFP No. 4.

**RFP No. 6**

RFP No. 6 seeks all use of force reports pertaining to the incident on January 7, 2019. Defendants responded that no such documents exist because there was no use of force incident on January 7, 2019. (ECF No. 44-1 at 8.) When plaintiff indicated he sought documents associated with his staff complaint, defendants produced plaintiff's grievance and responses. (ECF No. 44 at 5.)

Plaintiff seeks further documents associated with his staff complaint and/or his use of force allegations. (ECF No. 42 at 6.) However, the request is for use of force reports. Because defendants do not possess any responsive documents, there is nothing to compel, and the motion is denied as to RFP No. 6.

**RFP No. 7**

RFP No. 7 seeks any report by the Institutional Executive Review Committee (IERC) on the January 7, 2019, use of force incident. Defendants responded that there are no responsive documents. Plaintiff requests the court compel the documents related to the required IERC review

3

1  or require defendants to provide an explanation for lack of compliance with regulation and policy.
2  (ECF No. 43 at 8.)
3      As with the previous request, plaintiff takes issue with the defendants' positions that no
4  reports were required because there was no use of force. Whether a use of force occurred or not,
5  and whether reports were required or not, there are no responsive documents. Thus, there is
6  nothing to compel. The motion to compel is denied as to RFP No. 7.

### Interrogatory No. 7 to Defendant Sawma

Plaintiff alleges defendant committed perjury in the original response or the amended response. (ECF No. 43.) Defendant Sawma's original response to interrogatory No. 7 stated there was not a camera in the room where the incident occurred, while the amended response stated "I am informed and believe that there was no camera footage from either the mental health group room or from the hallway of the mental health clinic…" (ECF No. 43 at 9-10.) Defendants argue Sawman amended her response to address plaintiff's meet and confer communications that he sought video footage from the hallway of the mental health clinic. (ECF No. 44 at 6.)

The amended response does not necessarily contradict the original response as plaintiff argues. Even if it did, that would not demonstrate perjury. See Montano v. City of Chicago, 535 F.3d 558, 564 (7th Cir. 2008) (inconsistencies in a party's testimony may provide fertile ground for vigorous impeachment but do not support perjury findings). No further explanation is required. The motion to compel is denied as to this interrogatory.

### III. Motion to Modify Scheduling Order

Plaintiff seeks modification of the scheduling order to conduct additional discovery due to (1) quarantine, (2) defendants taking 45 days to respond to discovery requests, (3) non-receipt of Velasquez interrogatory responses, (4) "non-provision of discovery" by defendants, and (5) additional discovery needed after partial provision. (ECF No. 39 at 2-3.) Plaintiff requests a 90-day extension of the discovery period and suggests the time for responses be reduced to 30 days from 45 days. (Id. at 5.)

Defendants argue they timely served all discovery responses except that they inadvertently omitted Velasquez's responses to plaintiff's first set of interrogatories. (ECF No. 41 at 2.) The

4

1 omission was remedied when defense counsel received plaintiff's motion to modify the
2 scheduling order. (Id.) Defendants argue plaintiff's further requests are not dependent on the
3 initial responses and therefore could have been timely served. (Id. at 4.) Defendants argue
4 plaintiff failed to explain why a quarantine prevented him from timely serving discovery. (Id. at
5 5.) According to the litigation coordinator, when inmates are on quarantine, they still have access
6 to the law library via mobile Kiosks, and plaintiff has been to the law library numerous times
7 since July 2023. (ECF No. 41-1 at 3.) Defendants argue plaintiff had ample opportunity to timely
8 serve discovery and offers no explanation as to why he was unable to comply with the schedule,
9 and thus that he fails to establish reasonable diligence. (ECF No. 41 at 4-5.)

In reply, plaintiff argues he was quarantined beginning on August 25, 2023, shortly after discovery began. (ECF No. 42 at 2.) Plaintiff disputes defendants' counsel's arguments that he could have utilized his GTL tablet for research and disputes that he went to the law library on the 13 occasions reflected in logs. (Id. at 3.) Plaintiff acknowledges he initially misunderstood the requirement for all discovery to be "completed" prior to the deadline, but also argues the discovery order gave very little time to serve a second set of requests. (Id. at 4-6.) Plaintiff indicates he needs more discovery because, for example, the defendants are claiming certain reports do not exist and because defendant Sawma provided interrogatory responses which plaintiff alleges are false. (Id. at 8-9.)

In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

The court is reluctant to reopen discovery after defendants timely filed their motion for summary judgment. However, plaintiff is not at fault for the delay in the court's review of his

5

motion seeking to modify the scheduling order. At the time of filing, plaintiff's request sought to extend the discovery deadline, rather reopen discovery. "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990).

The court has reviewed the six untimely sets of discovery plaintiff served to the defendants. Although plaintiff does not demonstrate he could not have timely served his further requests, he promptly sought a stipulation from defendants to extend the discovery deadline and filed the motion to modify the scheduling order prior to the close of discovery. Plaintiff acted diligently in seeking to modify the scheduling order. Plaintiff also demonstrates the schedule allowed relatively little time to serve a second set of requests after receiving responses to the first set in this instance. The court finds good cause to modify the scheduling order.

The court will grant, in part, the motion to modify the scheduling order and reopen discovery for the limited purpose of requiring defendants to respond to the plaintiff's six sets of discovery requests served on October 31, 2023, and November 1, 2023, identified in defendants' counsel's declaration in support of their opposition to the motion to modify the scheduling order. (ECF No. 41-1, ¶ 7.) Plaintiff may not serve any further discovery requests. Defendants shall serve responses, along with any responsive documents, within 45 days of entry of this order and shall file a notice of such service to plaintiff. Any motion to compel must be filed within 14 days after service of defendants' responses. In the event defendants seek to supplement their motion for summary judgment or file an amended motion for summary judgment, they shall request leave to do so on or before the date on which they file their notice of service.

**IV.   Motion for Leave to Amend**

Plaintiff seeks leave to add civil conspiracy claims under 42 U.S.C. §§ 1985 and 1986 based on previously unknown actions by CDCR officials of destroying evidence and violating policy. (ECF No. 45 at 1-2.) Plaintiff has submitted a proposed amendment. (ECF No. 46.)

When a party may not amend as a matter of course, that party "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although

6

1    courts should freely give leave when justice requires, a variety of reasons may be sufficient to
2    deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v.
3    Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Courts in the Ninth Circuit consider the following
4    factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of
5    amendment, and (5) whether plaintiff has previously amended its complaint." Ascon Properties,
6    Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citing Leighton, 833 F.2d at 186-87
7    & n. 3).
8         Separately, under Rule 16(b), "good cause" is required for modification of a court's
9    pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)' s 'good cause' standard primarily
10   considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations,
11   Inc., 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent,
12   the inquiry should end' and the motion to modify should not be granted." Zivokovic v. S. Cal.
13   Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at, 609).
14        Defendants argue the proposed amendment is sought in bad faith, would produce an
15   undue delay in litigation, and would prejudice them. (ECF No. 48 at 5-7.) They also argue
16   plaintiff does not sufficiently allege a conspiracy claim and has not exhausted available
17   administrative remedies. (Id. at 9-10.)
18        In reply, plaintiff denies any intent to delay and argues he only recently learned the facts
19   supporting his motion for leave to amend. (ECF No. 49 at 7-9.) Plaintiff argues there is no
20   prejudice to the defendants if the court extends discovery as he has requested. (Id. at 9.)
21   Regarding exhaustion, he argues there are no available remedies. (Id. at 9.)
22        At the outset, the court notes plaintiff already availed himself of two prior opportunities to
23   amend the complaint. (See ECF Nos. 1, 15, 20.) See Ascon Props., Inc. v. Mobil Oil Co., 866
24   F.2d 1149, 1160 (9th Cir. 1989) ("the district court's discretion to deny leave to amend is
25   particularly broad where plaintiff has previously amended the complaint"). In addition, in
26   proposing the current amendment, plaintiff has submitted a piecemeal amendment that does not
27   comply with the court's previous instructions that "[a]n amended complaint must be complete in
28   itself[.]" (ECF No. 11 at 12.)

The current defendants would be prejudiced if the amendment is allowed. Discovery would need to be fully reopened and defendants would be required to undertake a new course of defense on the newly alleged claims which are also raised against newly named defendants. The time and expense of continued litigation on plaintiff's new theories does not favor granting leave to amend. See Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

Moreover, plaintiff's proposed amendment fails to state a plausible civil conspiracy claim. A section 1985(3) claim requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n. 7 (9th Cir. 1994).

To state a conspiracy claim, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted). The court need not accept as true "allegations that ... are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); see also Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy did not state a claim); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient").

Plaintiff's proposed amendment would add a civil conspiracy claim against defendants Velasquez and Sawma, newly named Lietentant Burkhart, and unknown Doe defendants for allegedly conspiring to cover up defendant Heslop's alleged use of force. (See ECF No. 46 at 3.) Plaintiff alleges defendants Velasquez and Sawma provided "perjured" interrogatory responses as

1  to why there was no camera footage and as to why plaintiff's witnesses were not procured for the
2  disciplinary hearing. (Id.) He further alleges he learned video footage was not preserved in
3  accordance with policy and that his video staff assault interview with Lieutenant Burkhart and
4  CDCR Form 7219 "have gone missing." (Id. at 4-5.) He also seeks leave to add a civil conspiracy
5  claim against Warden L. Eldridge and Doe defendants for failing to ensure IERC review, creation
6  of use of force reports and preservation of video footage. (Id. at 6-7.)

7        The proposed amendment's factual allegations do not plausibly show an agreement or
8  meeting of the minds. Plaintiff fails to demonstrate the current defendants provided perjured
9  interrogatory responses. The allegations of missing video footage and failure to adhere to policy
10 do not plausibly suggest an agreement to deprive plaintiff of his equal protection rights. The
11 proposed piecemeal amendment does not allege facts with sufficient particularity to state a civil
12 conspiracy claim. See Woodrum, 866 F.2d at 1126; Karim–Panahi, 839 F.2d at 626. The
13 undersigned recommends the motion for leave to amend be denied.

14       **V.     Request for Judicial Notice (ECF No. 50)**

15       Plaintiff requests the court to take notice of several matters, including plaintiff's staff
16 assault complaint, policies and regulations, and a statement by the Litigation Coordinator. Under
17 Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to
18 reasonable dispute because it: (1) is generally known within the trial court's territorial
19 jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot
20 reasonably be questioned.

21       The court denies the request. Neither plaintiff's staff assault complaint nor the Litigation
22 Coordinator statement are judicially noticeable for their contents. See generally Reynolds v.
23 Hedgpeth, 472 F. App'x 595, 598 (9th Cir. 2012) (finding records not judicially noticeable even
24 though they were maintained by a public entity). It is unnecessary to take judicial notice of
25 regulations. See Lathan v. Ducart, No. 16-16551, 2017 WL 3976705, at *1 (9th Cir. June 16,
26 2017) (denying as unnecessary request for judicial notice as to "statutes, regulations, or published
27 opinions"). To the extent the court could take judicial notice of policies, the court declines to do
28 ////

1  so, finding it unhelpful to the resolution of the instant motions. Accordingly, plaintiff's request
2  for judicial notice (ECF No. 50) is denied.
3      In accordance with the above, IT IS HEREBY ORDERED as follows:
4      1. Plaintiff's motion to compel (ECF No. 43) is denied.
5      2. Plaintiff's request for judicial notice (ECF No. 50) is denied.
6      3. Plaintiff's motion to modify the scheduling order (ECF Nos. 39, 40) is granted in part,
7  as follows:
8          a. Discovery is reopened for the limited purpose of requiring defendants to
9      respond to the plaintiff's six sets of discovery requests served on October 31, 2023, and
10     November 1, 2023, which are referenced in defendants' counsel's declaration in support
11     of their opposition to the motion to modify the scheduling order. (ECF No. 41-1, ¶ 7.)
12         b. Defendants shall serve responses, along with any responsive documents, within
13     45 days of entry of this order and shall file a notice of such service to plaintiff. Any
14     motion to compel must be filed within 14 days after service of defendants' responses.
15         c. In the event defendants seek to supplement their motion for summary judgment
16     or file an amended motion for summary judgment, they shall seek to do so on or before
17     the date on which they file their notice of service.
18  ////
19  ////
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

In addition, for the reasons set forth above, IT IS RECOMMENDED that plaintiff's motion for leave to amend the complaint (ECF No. 45) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 16, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
wilk20cv1622.mtc