UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HESLOP,<br><br>    Defendants. | No.  2:20-cv-01622 DJC DB P<br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se with claims under 42 U.S.C. § 1983 for excessive force, retaliation, and violations of due process and equal protection. Plaintiff also asserts state law claims. Plaintiff's motion for sanctions is before the court. (ECF No. 55.) For the reasons set forth below, the motion is denied and plaintiff is admonished regarding the further filing of legally frivolous motions for sanctions.

**I.    Background**

Plaintiff filed this action in the San Joaquin County Superior Court and defendants removed the case pursuant to 28 U.S.C. § 1441(a). (ECF No. 1.) At all relevant times, plaintiff was an inmate at California Health Care Facility ("CHCF"). (ECF No. 20 at 1.)

The operative complaint alleges S. Heslop used excessive force against plaintiff on January 17, 2019. (ECF No. 20 at 3.) Plaintiff "sought redress against Heslop." (Id. at 7.) In an alleged act of retaliation, Heslop issued a "write-up with false statements" which resulted in 90

1  days of punishment. (Id.) Defendant Sawma was plaintiff's staff assistant and defendant B.
2  Velasquez was the hearing officer. (ECF No. 20 at 9-11.) Plaintiff was found guilty of a rule
3  violation. (ECF No. 20 at 11.) Although the RVR was dismissed on appeal, plaintiff still suffered
4  the punishment. (Id.)

5  On July 24, 2023, the court ordered that this case proceeds on the following claims: (1)
6  against defendant S. Heslop for excessive force in violation of the Eighth Amendment, retaliation
7  in violation of the First Amendment, assault, battery, and violation of the Bane Act; and (2)
8  against B. Velasquez and A. Sawma for a violation of plaintiff's equal protection rights under the
9  Fourteenth Amendment. (ECF No. 34.)

10  On February 5, 2024, defendants filed a motion for summary judgment. (ECF No. 51.)
11  Briefing on the defendants' motion for summary judgment is currently stayed. (ECF Nos. 54, 57.)
12  On April 16, 2024, the court granted in part plaintiff's motion to compel and motion to modify
13  the scheduling order. (ECF No. 57.)

14  **II.     Motion for Sanctions**

15  On April 4, 2024, plaintiff filed the motion for sanctions presently before the court. (ECF
16  No. 55.) Plaintiff seeks sanctions against counsel for defendants, claiming they put forth false
17  facts in support of their motion for summary judgment. (Id. at 3-12.) Defendants opposed the
18  motion. (ECF No. 56.) Plaintiff filed a reply. (ECF No. 58.)

19  "Rule 11 requires the imposition of sanctions when a motion is frivolous, legally
20  unreasonable, or without factual foundation, or is brought for an improper purpose." Conn v.
21  Borjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992), citing Operating Engineers Pension Trust v. A-
22  C Company, 859 F.2d 1336, 1344 (9th Cir. 1988). Federal courts also have the inherent authority
23  to sanction conduct abusive of the judicial process. See Chambers v. NASCO, INC., 501 U.S. 32,
24  43-45 (1991).

25  As argued by defendants, a motion for sanctions is not the proper mechanism in which to
26  litigate the merits of plaintiff's case. Plaintiff's motion is based on his belief that defendants
27  allegedly lied and falsified evidence. In support of the motion, plaintiff argues the merits of the
28  claims, citing evidence he claims demonstrates the defendants' evidence is false.

1  Instead of seeking sanctions, it is incumbent upon plaintiff to challenge defendants'
2  evidence by producing his own evidence. If plaintiff believes a particular defendant or witness is
3  not credible, he may attack credibility at trial, by cross-examination of a particular witness.[1]
4  There is no basis to sanction counsel or defendants. Plaintiff's motion for sanctions is denied.

5  Plaintiff's motion for sanctions based on alleged false declarations is legally frivolous for
6  the reasons set forth herein. Moreover, plaintiff has previously been admonished by this court that
7  motions for sanctions based on alleged false statements in declarations are legally frivolous. See
8  Wilkins v. Barber, No. 2:19-CV-1338-WBS-KJN-P, 2021 WL 4066048, at *6 (E.D. Cal. Sept. 7,
9  2021). Plaintiff is cautioned that further filing of frivolous motions for sanctions or other
10 frivolous motions may result in the imposition of sanctions on plaintiff. Such sanctions may
11 include dismissal of this action or an award of costs under the Federal Rules of Civil Procedure.
12 See, e.g., Fed. R. Civ. P. 11(c), 16(f), 26(g), and 37.

13 ////
14 ////
15 ////
16 ////
17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////

---

[1] "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). "In ruling on a motion for summary judgment, the court must leave credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts to the jury." Foster v. Metropolitan Life Ins. Co., 243 F. App'x 208, 210 (9th Cir. 2007) (internal quotations and citation omitted).

In accordance with the above, IT IS ORDERED that plaintiff's motion for sanctions (ECF No. 55) is denied.

Dated:  April 26, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
wilk20cv1622.sanct

4