UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>            Plaintiff,<br><br>      v.<br><br>S. HESLOP,<br><br>            Defendants. | No. 2:20-cv-01622 DJC DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff's request for appointment of counsel and the parties' applications for extensions of time are before the court. Good cause appearing, the requests for extensions of time will be granted as set forth below. Appointment of counsel will be denied.

On February 5, 2024, defendants filed a motion for summary judgment. (ECF No. 51.) Briefing on the motion for summary judgment was stayed pending the court's ruling on motions. (See ECF No. 57.)

On June 6, 2024, the court ordered plaintiff to file a written opposition, or statement of opposition, to the pending motion for summary judgment. (ECF No. 61.) On June 7, 2024, plaintiff filed a motion to compel discovery. (ECF No. 62.) On June 17, 2024, plaintiff sought an extension of time to oppose the motion for summary judgment based on an alleged need for the discovery at issue in the pending motion to compel. (ECF No. 65.) In addition, on June 19, 2024,

1

defendants sought an extension of time to file an opposition to plaintiff's motion to compel. (ECF No. 66.) Good cause appearing, the requests for extensions of time are granted.

Plaintiff's request for appointment of counsel (ECF No. 63) is denied. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The court does not find the required exceptional circumstances in the present case.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel (ECF No. 63) is denied without prejudice.

2. Plaintiff's motion for extension of time (ECF No. 65) is granted; the court will set a due date for plaintiff's opposition to the pending motion for summary judgment after the court rules on plaintiff's motion to compel;

3. Defendant's motion for extension of time (ECF No. 66) is granted; defendant is granted up to and including July 15, 2024, to file an opposition to plaintiff's pending motion to compel.

Dated: June 21, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB
wilk20cv1622.36mtc+msj