1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEENAN WILKINS,                        No.  2:20-cv-01622 DJC SCR P

12                  Plaintiff,

13        v.                                ORDER

14   S. HESLOP, et al.,

15                  Defendants.

16

17

18        Plaintiff Keenan Wilkins, a state prisoner, proceeds pro se with claims under 42 U.S.C. §

19   1983 asserting excessive force, retaliation, and violations of due process and equal protection.

20   Plaintiff also brings state law claims. Plaintiff's motion to compel discovery is before the court.

21   (ECF No. 62.) For the reasons set forth below, the motion to compel is granted in part and denied

22   in part.

23        **I.        Background and Plaintiff's Allegations**

24        Plaintiff filed this action in the San Joaquin County Superior Court and defendants

25   removed the case pursuant to 28 U.S.C. § 1441(a). (ECF No. 1.) At all relevant times, plaintiff

26   was an inmate at California Health Care Facility ("CHCF"). (ECF No. 20 at 1.)

27        The operative second amended complaint alleges that on January 17, 2019, plaintiff

28   informed his correctional counselor he did not feel safe around defendant Heslop and refused

                                             1

1  Heslop as his staff assistant. (ECF No. 20 at 3.) Heslop came to plaintiff's required Mental health
2  therapy at 9:00 a.m. and interrupted the group to speak to plaintiff. (Id. at 3-5.)

3      Under the complaint's allegations, Heslop ordered plaintiff to leave the group and took
4  plaintiff back to his unit. (ECF No. 20 at 4-5.) Heslop grabbed plaintiff angrily and shoved him
5  against the wall. (Id. at 5.) Heslop handcuffed plaintiff aggressively and tried to force him to
6  walk, but plaintiff fell to the ground. (Id.) Other officers intervened and escorted plaintiff to his
7  cell. (ECF NO. 20 at 6.)

8      Following this incident on January 17, 2019, plaintiff "sought redress" against Heslop.
9  (ECF No. 20 at 7.) In an alleged act of retaliation, Heslop issued a "write-up with false
10  statements" which resulted in 90 days of punishment. (Id.)

11      Plaintiff alleges defendant Sawma, his staff assistant, did not meet with him or provide
12  him assistance pertaining to a disciplinary hearing on January 25, 2019. (ECF No. 20 at 9-11.)
13  The hearing officer, defendant B. Velasquez, refused to allow camera footage of the incident to
14  be shown, refused to allow plaintiff to call witnesses, denied plaintiff's request to obtain and
15  present documentary evidence, and refused to consider plaintiff's mental health assessment. (Id.)

16      Plaintiff was found guilty of a rule violation. (ECF No. 20 at 11.) Although the RVR was
17  dismissed on appeal, plaintiff still suffered the punishment. (Id.)

18      Based on the allegations above, on July 24, 2023, the court ordered that this case proceeds
19  on the following claims: (1) against defendant S. Heslop for excessive force in violation of the
20  Eighth Amendment, retaliation in violation of the First Amendment, assault, battery, and
21  violation of the Bane Act; and (2) against B. Velasquez and A. Sawma for a violation of
22  plaintiff's equal protection rights under the Fourteenth Amendment. (ECF No. 34.)

23      On February 5, 2024, defendants filed a motion for summary judgment. (ECF No. 51.)
24  Briefing on defendants' motion for summary judgment is currently stayed. (ECF No. 54.)

25      On April 16, 2024, the court granted in part plaintiff's motion to modify the scheduling
26  order and reopened discovery "for the limited purpose of requiring defendants to respond to the
27  plaintiff's six sets of discovery requests served on October 31, 2023, and November 1, 2023."
28  (ECF No. 57 at 6.) Defendants served responses.

1   Plaintiff filed the motion to compel presently before the court on June 7, 2024. (ECF No.
2   62.) The motion is fully briefed with defendants' opposition and plaintiff's reply. (ECF Nos. 69,
3   70.)

4   **II.     Legal Standards**

5   **A.  Motion to Compel**

6   Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
7   move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.
8   37(a)(3)(B). Such "motion may be made if ... (iii) a party fails to answer an interrogatory
9   submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that
10  inspection will be permitted – or fails to permit inspection – as required under Rule 34." Id. "The
11  party who resists discovery has the burden to show that discovery should not be allowed, and has
12  the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine
13  Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

14  **B.  Official Information Privilege**

15  "Federal common law recognizes a qualified privilege for official information." Sanchez
16  v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr v. United States Dist. Ct.
17  for the N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975)). "To determine whether the
18  information sought is privileged, courts must weigh the potential benefits of disclosure against the
19  potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d
20  1027, 1033-34; see Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987) (describing
21  the balancing test as "moderately pre-weighted in favor of disclosure"). The party asserting the
22  privilege properly invokes the privilege by providing a declaration or affidavit from a responsible
23  official with personal knowledge of the matters attested to which makes a "substantial threshold
24  showing" allowing assessment of the privilege assertions. Kelly, 114 F.R.D. at 661.

25  **C.  Privacy Rights**

26  Federal courts recognize a constitutionally-based right of privacy that may be asserted in
27  response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542
28  F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the

3

court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992), cert. den. 507 U.S. 910, (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants). The resolution of a party's privacy objection involves balancing the need for the information sought against the privacy right asserted. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Federal courts should give "some weight" to privacy rights that are protected by state constitutions or statutes. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 656).

### III.   Discussion

#### A.  RFP (Set 2)

Plaintiff moves to compel defendants to provide further responses to Request Nos. 1, 2, 3, 4, 5, and 6 of plaintiff's second set of requests for production of documents. (See ECF No. 62 at 3-4, 6-8.)

#### Nos. 1 & 3

In Request No. 1, plaintiff seeks the log or record showing the time the Code Alarm was pushed after he fell to the ground. (ECF No. 69-1[1] at 5.) In Request No. 3, plaintiff seeks CDCR forms which he argues CDCR was required by regulation to complete in reviewing a use of force incident. (Id.) Defendants determined there are no responsive documents and responded accordingly.

Whether further action is warranted as to Request No. 3 is a close call. CDCR's regulations suggest that at least some of the requested records *should* exist. See 15 C.C.R. § 3268.1(e)(1) (requiring that CDCR officials complete certain forms requested by plaintiff in reviewing a use of force incident). And while courts may entertain a presumption that agencies follow their own regulations, see Kohli v. Gonzales, 473 F.3d 1061, 1068 (9th Cir. 2007), here counsel for defendants specifically states that a diligent search turned up no responsive records. On this record, the court declines to require more of defendnats. See Edeh v. Equifax Information Services, LLC, 2013 WL 3997874, at *8 (D. Minn.) ("Equifax maintains that it does not have the

---

[1] Citations to page numbers in the parties' briefs are to the pages assigned by CM/ECF at the top of the page.

1   documents requested in Requests for Production Nos. 3 and 4. If Equifax does not have the

2   documents in its possession, custody, or control, it cannot be compelled to produce them. Because

3   Edeh has not provided the Court with any concrete basis for believing that Equifax is being

4   untruthful, Equifax's responses to Requests for Production Nos. 3 and 4 are sufficient."); United

5   States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The

6   party seeking the production of documents ... bears the burden of proving that the opposing party

7   has such control."). Accordingly, the motion is denied as to these requests.

8           **Nos. 2 & 4**

9           In Request No. 2, plaintiff seeks "CDCR form 3013-2 and CDCR form 3014 that were

10  required for this incident…" (ECF No. 69-1 at 5.) Defendants objected in relevant part, based on

11  the following:

12          [T]he Official Information Privilege, California Government Code
            section 6254, California Penal Code sections 832.7 and 832.8,
13          California Evidence Code sections 1040, 1041, and 1043, and
            Defendants' common law right to privacy. The documents are also
14          protected by the California Code of Regulations, Title 15, § 3321
            (Confidential Material). Disclosure of the requested document,
15          which is confidential in nature, would also compromise the safety
            and security of the institution, inmates, and staff.
16

17  (ECF No. 69-1 at 5.) Defendants' privilege log identifies two responsive documents:

18          CDCR Form 3013-2 (Inmate Interview for Allegation Worksheet)
            for appeal log no. CHCF-E-19-00132
19
20          CDCR Form 3014 (Report of Findings—Inmate Interview) for
            appeal log no. CHCF-E-19-00132

21  (ECF No. 69-1 at 9.)

22          In Request No. 4, plaintiff seeks the staff complaint he submitted and "associated

23  confidential and non-confidential inquiries, interviews, statements and findings." (Id. at 6.)

24  Defendants provided the staff complaint only and otherwise objected, in relevant part, as follows:

25          To the extent Plaintiff's request seeks inquiries conducted in
            response to CHCF-E-19-00132, the request seeks information that is
26          protected from disclosure by regulation. See Cal. Code Regs., tit. 15
            § 3486.2 (discussing the process of staff misconduct investigations
27          and their confidentiality); see also CDCR Department Operations
            Manual § 54100.25.2 (outlining confidential staff complaint appeal
28          inquiry process).

5

1  (Id. at 6.) Defendants' privilege log identifies one responsive document:

2      Confidential Appeal Inquiry Supplement to appeal log no. CHCF-E-
3      19-00132

4  (ECF No. 69-1 at 9.)

5      Plaintiff argues he has a right to know about misconduct findings. (ECF No. 70 at 6-7.)

6  Defendants counter that the official information privilege and right to privacy are recognized

7  under federal common law and the court can consider state law on privilege to the extent it is

8  consistent with federal law. (ECF No. 69 at 7-9.)

9      Defendants submit the declaration of E. Campos, who is employed by the California

10  Department of Corrections as a Correctional Counselor. (ECF No. 69-1 at 11-15.) According to

11  E. Campos, the documents responsive to Request No. 2 contain the reviewing staff's conclusions

12  as to whether staff complied with department use of force policy, procedures, and training, and

13  whether any follow-up action is necessary. (Id. at 12, ¶ 6.) The documents responsive to Request

14  No. 4 incorporate the documents responsive to Request No. 2 and additionally contain

15  confidential statements made by staff witnesses and the reviewer's findings of whether staff

16  violated policy. (Id., ¶7.)

17      According to the declaration of E. Campos, the responsive documents are strictly

18  confidential under state regulations except to staff involved in the inquiry process. (ECF No. 69-1

19  at 12, ¶ 8.) E. Campos declares that disclosure would pose a serious threat to the safety and

20  security of CDCR institutions, its staff, and inmates, by exposing the inner workings of the

21  institution. Specifically, it would "educate inmates on the methods by which staff are evaluated,"

22  contribute to inmates to falsely accusing staff or otherwise manipulating the investigation process,

23  hamper future investigations, hinder the ability of CDCR to investigate potential enemy and

24  custodial concerns, and discourage staff and inmate witnesses from making truthful statements.

25  (Id., ¶¶ 9-11, 15.)

26      According to the declaration of E. Campos, a protective order allowing the documents to

27  be in an inmate's custody in the prison environment would not suffice to address the risks created

28  by releasing such information to inmates unrepresented by counsel, including the risk of physical

6

violence to plaintiff or inmate witnesses. (ECF No. 69-1 at 14, ¶ 13.) "At a minimum," Campos

declares, "witnesses' statements and the reviewer's conclusion/findings should be redacted to

protect the integrity of CDCR's investigative process." (Id., ¶ 12.)

The court is persuaded that CDCR Form 3013-2, CDCR Form 3014, and the Confidential

Appeal Inquiry Supplement may be clearly and uniquely relevant to plaintiff's claims. District

courts have required disclosure of similar documents, or, at a minimum, reviewed the documents

in camera in other cases where such relevance was found. See generally, e.g., Owens v. Degazio,

No. 2:16-CV-2750-JAM-KJN-P, 2020 WL 128517, at *6 (E.D. Cal. Jan. 10, 2020); Williams v.

Bell, No. 1:16-CV-01584-LJO-SAB-PC, 2018 WL 6812502, at *9 (E.D. Cal. Dec. 27, 2018);

Johnson v. Sandy, No. 2:12-CV-2922 JAM AC, 2014 WL 4631642, at *12 (E.D. Cal. Sept. 15,

2014). Nevertheless, the court will proceed cautiously given the Campos declaration's claims that

unfettered disclosure of the documents could jeopardize institutional security. Therefore,

defendants will be directed to submit the documents for in camera review, after which the court

will make a final assessment of relevance, the potential benefits of disclosure versus the potential

disadvantages of disclosure, and, if appropriate, the method of disclosure and any redactions.

Defendants may move for a protective order, if desired.

**No. 5**

In Request No. 5, plaintiff seeks any "Effective Communication form completed by

Sawma…" relating to plaintiff's claims. (ECF No. 69-1 at 7.) Defendants referred plaintiff to the

Effective Communication form already produced. (Id.) Plaintiff argues the form produced is a

"fraudulent record" and that there should be a different one which, under regulations, "the

inmates must sign and acknowledge[.]" (ECF No. 70 at 8.) Plaintiff does not make a colorable

showing that other responsive documents exist and are being withheld. The motion is denied as to

this request.

**No. 6**

In Request No. 6, plaintiff seeks the record of inmates who were present at the EOP

Mental Health Group where Heslop came to see plaintiff. (ECF No. 69-1 at 7.) Defendants

produced a redacted copy of the responsive log and otherwise objected, asserting third-party

7

privacy rights under Article I, Section I of the California Constitution and the Health Information

Portability and Accountability Act ("HIPAA"). (Id. at 8, 10.) The redacted document appears to

list a total of 10 inmate names for the 9:00 meeting. (Id. at 10.) Under plaintiff's allegations, these

inmates could have witnessed a portion of the interaction between Heslop and plaintiff on January

17, 2019.

To the extent defendants raised objections based on the Health Insurance Portability and

Accountability Act (HIPAA), HIPAA expressly provides for disclosure of health information in a

judicial proceeding in response to a court order. 45 C.F.R. § 164.512(e)(1)(i). In this instance, the

request does not seek records maintained in patient medical records. Moreover, only the names of

the inmates in attendance at the 9:00 meeting must be disclosed. The motion to compel is granted

as to the record of inmates present at the 9:00 a.m. EOP Mental Health Group.

The parties are prohibited from using or disclosing this protected health information for

any purpose other than the litigation of this case. 45 C.F.R. § 164.512. At the conclusion of this

litigation, plaintiff shall return the protected health information to defendants' counsel or destroy

the protected information (including all copies made). Id.

**B. RFP (Set 3)**

Request No. 1 of plaintiff's third set of requests for production of documents seeks video

camera footage of the January 17, 2019 incident. (ECF No. 69-1 at 18.) Plaintiff asserts video

camera footage existed and was destroyed but provides no evidentiary basis for his belief. (ECF

No. 62 at 7.) Plaintiff argues defendants should have to explain why the video is unavailable or

why mandatory policy was violated. (ECF No. 70 at 11.) However, plaintiff fails to make a

colorable showing that the requested video footage exists and is being withheld, or that it

previously existed and was lost or destroyed. The motion is denied as to this request.

**C. Interrogatories**

Plaintiff first seeks to compel defendant Sawma to respond further to Interrogatory No. 12

("Did you consult with mental health and/or custody officials to identify the Group Room 4 9:00

AM female facilitator and two inmates Plaintiff informed you that he wanted to call (Wong and

Muhammad)?") (ECF No. 69-1 at 20.) Sawma responded in relevant part that she "asked a mental

8

health professional to assist me in locating Plaintiff's requested female psychiatric technician witness, but the professional was unable to locate Plaintiff's requested witness." (ECF No. 69-1 at 22.) Plaintiff seeks to compel defendant Sawma to provide the name of the mental health professional referenced in the response. (ECF No. 62 at 4, 8.) As defendants correctly argue, though, the interrogatory itself did not expressly seek the information now requested and the response provided is adequately responsive to the interrogatory. The motion to compel further response to Interrogatory 12 is denied.

Plaintiff next seeks to compel defendant Sawma to respond further to Interrogatory No. 13 to clarify a claimed inconsistency with an earlier interrogatory response. In response to Interrogatory No. 13, Defendant Sawma states, "I am not aware of a section in Title 15 of the California Code of Regulations or CDCR's Department Operations Manual stating whether a staff assistant can serve a rules violation report on an inmate." (ECF No. 69-1 at 22.) Plaintiff does not show the response to be inconsistent with a prior response indicating that "Search and Escort Officers designated to issue rules violations reports to inmates" are not prohibited from serving as the inmate's staff assistant. (See ECF No. 69 at 14.) The motion to compel on this issue is denied.

Plaintiff also challenges defendant Heslop's response to Interrogatory No. 11 as incomplete or evasive. (ECF No. 62 at 4; see also ECF No. 70 at 14.) Interrogatory No. 11 to Heslop asked the following: "After the January 7, 2019 incident how many times did you attend Plaintiff's Classification Committee's and Interdisciplinary Treatment Team in the capacity as a Correctional Counselor . . . when not assigned as his official correctional counselor?" (ECF No. 69-1 at 26.) Plaintiff asserts Heslop gave a "willfully false statement" in response. If plaintiff believes the statement is not credible or demonstrably false, then plaintiff may attack credibility at trial, by cross-examination. Plaintiff expresses dissatisfaction with the phrasing of the response but fails to show defendant's phrasing avoided the question or was non-responsive. The motion to compel on this issue is denied.

Finally, plaintiff challenges defendant Heslop's response to Interrogatory No. 13. (ECF

No. 62 at 4; <u>see also</u> ECF No. 70 at 14-15.)[2] Interrogatory No. 13 to Heslop stated the following: "What was so urgent or pressing that you could not wait until after Plaintiff's mental health treatment therapeutic group to talk to him." (ECF No. 69-1 at 28.) Helsop responded "I do not contend there was an 'urgent' or 'pressing' need to talk to Plaintiff on January 7, 2019; therefore, no further response is required." (Id.)

Given plaintiff is proceeding pro se, his interrogatories should be construed broadly by defendants. See <u>Clark v. Smith</u>, Case No. 19-cv-932-RJD, 2021 WL 3033221, at *3 (N.D. Ill., July 19, 2021) ("In light of Plaintiff's status as a pro se litigant, the Court construes this interrogatory broadly and DIRECTS Defendant to do the same."). Plaintiff's interrogatory asks about the timing of Heslop's action with reference to the adjectives "urgent or pressing." A reasonable reading of this interrogatory is that it is asking *why* Heslop did not wait until after the group session to talk to plaintiff, as opposed to asking only whether there was literally something urgent or pressing that caused Heslop to act when he did. Heslop can answer the interrogatory by explaining why he acted when he did. The motion to compel on this issue is granted.

## IV.    Conclusion

In accordance with the above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to compel (ECF No. 62) is granted in part as set forth herein as to Request for Production of Documents, Set Two, Nos. 2, 4, and 6 and Heslop Interrogatory No. 13.

2.  Within 14 days of the date of this order, defendants shall produce to plaintiff the document responsive to Request for Production of Documents, Set Two, No. 6, with unredacted names for the 9:00 meeting.

3.  Within 14 days of the date of this order, defendants shall produce to the court for in camera review the documents responsive to Request for Production of Documents, Set Two, Nos. 2 and 4, and shall move for any protective order.

---

[2] Plaintiff's motion to compel did not expressly address Interrogatory No. 16 to Heslop. Instead Interrogatory No. 16 is merely referenced in a meet and confer letter attached to the motion. (See ECF No. 62 at 9.) Plaintiff has not properly moved to compel a further response to Interrogatory No. 16 to Heslop.

4.  Within 14 days of the date of this order, defendants shall serve on plaintiff an amended response to Heslop Interrogatory No. 13 consistent with the court's construction of that interrogatory.

5.  In all other respects, the motion to compel is denied.

6.  The parties are prohibited from using or disclosing protected health information for any purpose other than the litigation of this case. At the conclusion of this case, plaintiff shall return the document responsive to Request for Production of Documents, Set Two, No. 6 (and all copies made) to defendants' counsel.

DATED: August 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE