UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | No.  2:20-cv-01622 DJC SCR P |
| Plaintiff, | |
| v. | ORDER |
| S. HESLOP, | |
| Defendants. | |

Plaintiff Keenan Wilkins, a state prisoner, proceeds pro se with civil rights claims under 42 U.S.C. § 1983 and state law claims. On August 19. 2024, the undersigned issued an order granting in part and denying in part plaintiff's motion to compel filed on June 7, 2024. (ECF Nos. 62, 73.) The undersigned also ordered defendants to submit for in camera review the documents responsive to plaintiff's Request for Production of Documents, Set Two, Nos. 2 and 4. (ECF No. 73 at 10.) Defendants have submitted the documents for in camera review and moved for a protective order. (ECF No. 74, 75.)

**I.     Document Production**

The court has reviewed the responsive documents at issue, described as follows in defendants' privilege log:

> CDCR Form 3013-2 (Inmate Interview for Allegation Worksheet) for appeal log no. CHCF-E-19-00132

1

- CDCR Form 3014 (Report of Findings—Inmate Interview) for appeal log no. CHCF-E-19-00132

- Confidential Appeal Inquiry Supplement to appeal log no. CHCF-E-19-00132

(ECF No. 69-1 at 9.) Defendants objected to production on official information privilege and right to privacy grounds and asked the court to consider state law on privilege to the extent it is consistent with federal law. (See ECF No. 69 at 6-9.)

The court has reviewed the documents at issue and finds they should be disclosed to plaintiff without redaction.[1] The documents contain witness statements which are relevant to the claims and defenses in this action within the meaning of Rule 26 of the Federal Rules of Civil Procedure. The documents do not reveal any institutional secrets. To the extent the documents may reveal a procedure for investigation, it is merely the fact that an investigation was conducted in which evidence was gathered from witness statements and used to render a decision.

Considering the privacy rights of the witnesses identified in the documents, the need for the information sought based on its relevance to the claims and defenses outweighs the privacy right asserted. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the need for the information sought against the privacy right asserted to resolve privacy objection). In addition, the court finds the potential benefits of disclosure, based on the relevance of the information, outweigh the potential disadvantages, and overrules the objection based on official information privilege. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) ("To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery."). Accordingly, defendants will be directed to disclose the documents to plaintiff, subject to a protective order set forth below.

**II.     Protective Order**

A court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding or limiting

---

[1] Defendants requested redaction of witnesses' statements and the reviewer's conclusion/findings to protect the integrity of CDCR's investigative process. (See ECF No. 69-1 at 14, ¶ 12.)

discovery, and specifying terms, including time and place, for the disclosure. Fed. R. Civ. P. 26(c)(1)(A)-(B). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Defendants move for a protective order precluding plaintiff from having a physical copy of the documents to be disclosed. (ECF No. 74.) Defendants request to produce the documents for plaintiff's review by providing a copy to the litigation coordinator at plaintiff's facility and scheduling a time for plaintiff to review that copy. (ECF No. 74-2 at 1.) Thereafter, under defendants' request, plaintiff may review the documents at his request. (Id.) Good cause appearing, defendants' motion for a protective order is granted.

**IV.     Conclusion**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Defendants' motion for a protective order (ECF No. 74) is granted.
2. Defendants shall coordinate with the facility where plaintiff incarcerated and schedule a time slot of at least two hours within 14 days of the date of this order for plaintiff to review the Inmate Interview for Allegation Worksheet (CDCR Form 3013-2), Report of Findings—Inmate Interview (CDCR Form 3014), and Confidential Appeal Inquiry Supplement to Appeal Log No. CHCF-E-19-00132.
3. CDCR staff shall retain a copy of the documents described above and provide plaintiff a further opportunity to review the documents upon reasonable notice and request by plaintiff during the course of this litigation.
4. Plaintiff shall file a written opposition or statement of non-opposition to defendants' pending motion for summary judgment within 35 days of the date of this order.

DATED: September 6, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3