UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HESLOP, et al.,<br><br>    Defendants. | No.  2:20-cv-1622 DJC SCR P<br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se with claims under 42 U.S.C. § 1983 for excessive force, retaliation, and equal protection. Plaintiff also asserts state law claims. Plaintiff's third motion to compel discovery is before the court. (ECF No. 77.) For the reasons set forth below, the motion is granted in part and denied in part.

**I.    Background and Plaintiff's Allegations**

At all relevant times, plaintiff was an inmate at California Health Care Facility. (ECF No. 20 at 1.) He alleges defendant Heslop used excessive force on January 17, 2019, and then issued plaintiff a false disciplinary report. (Id. at 3, 7.) On a class of one theory, he also alleges his equal protection rights were violated at the disciplinary hearing on January 25, 2019. (Id.) This case proceeds on the following claims: (1) against S. Heslop for alleged excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and state law claims; and

1

1  (2) against B. Velasquez and A. Sawma for a violation of plaintiff's equal protection rights under
2  the Fourteenth Amendment. (See ECF No. 34.)

3  On August 3, 2023, the court ordered that discovery would close on December 7, 2023.
4  (ECF No. 38.) In November 2023, plaintiff filed his first motion to compel and moved to modify
5  the scheduling order to conduct additional discovery. (ECF Nos. 40, 43.) The magistrate judge
6  previously assigned to this case denied the motion to compel but found good cause to modify the
7  scheduling order. (ECF No. 57.) Discovery was reopened solely for the limited purpose of
8  requiring defendants to respond to the plaintiff's six sets of discovery requests served on October
9  31, 2023, and November 1, 2023. (ECF No. 57.) The order instructed "Plaintiff may not serve any
10 further discovery requests." (Id. at 6.)

11 On February 5, 2024, defendants filed a motion for summary judgment. (ECF No. 51.)
12 Briefing on the motion for summary judgment was stayed. (ECF No. 54.)

13 Plaintiff filed a second motion to compel on June 7, 2024. (ECF No. 62.) The undersigned
14 granted in part and denied in part the motion and ordered defendants to produce documents to the
15 court for in camera review ("in camera review documents"), among other relief. (Id.) After
16 reviewing the documents in camera, the undersigned issued a protective order and ordered
17 defendants to coordinate with plaintiff's facility of incarceration to allow for plaintiff's review of
18 the documents. (ECF No. 76.)

19 Plaintiff filed the motion to compel presently before the court on October 31, 2024. (ECF
20 No. 77.) Defendants opposed the motion. (ECF No. 78.) Plaintiff filed a reply. (ECF No. 79.)

21 **II.    Discussion**

22 Plaintiff seeks three items or categories of items through the present motion to compel.
23 First, he seeks "Allegation Worksheet Log AUEF-19-01-004" which he alleges defendants
24 omitted from the in camera review documents produced for his viewing. (ECF No. 77 at 2-3.)
25 Second, plaintiff seeks a January 8, 2019, use of force interview of himself by Lt. Burkhart which
26 custody staff previously told him was missing. (Id. at 4.) Third, he seeks any documents or logs
27 that would demonstrate defendants did not willfully destroy camera footage of the alleged use of
28 excessive force by defendant Heslop. (Id. at 5-9.)

2

1    During meet and confer, defendants' counsel informed plaintiff, in relevant part, that: (1)
2 the "Allegation Worksheet Log" is "contained within the in camera review documents plaintiff
3 already reviewed and that plaintiff could request to see the documents again; (2) defendants
4 would not produce the January 8, 2019, interview because discovery is closed and plaintiff did
5 not request it in discovery; and (3) defendants would not produce a responsive video procurement
6 log because discovery is closed, plaintiff did not request the document in discovery, plaintiff has
7 already received documentation stating that surveillance video was unavailable due to computer
8 equipment malfunctions, and defendants have repeatedly explained that surveillance video for the
9 date of the alleged incident does not exist. (ECF No. 77 at 12-13.) Defendants argue the motion to
10 compel should be denied as to all items requested because plaintiff did not request these items
11 during discovery and instead requested them informally by letter after he was not permitted to
12 serve further discovery requests. (Id. at 3.) Defendants argue plaintiff is attempting to evade the
13 court's order prohibiting him from serving further discovery requests by filing this motion to
14 compel. (Id. at 5.)
15    In reply, plaintiff argues the further materials he seeks stem from his review of recently
16 provided discovery, and that he could not have requested these items before reviewing the recent
17 provision of discovery by defendants. (ECF No. 79 at 2-3.)
18    Because plaintiff did not timely serve discovery requests for the items at issue, the relief
19 sought falls outside the proper scope of a motion to compel under Rule 37 of the Federal Rules of
20 Civil Procedure. As relevant here, Rule 37 allows a party seeking discovery to move for an order
21 compelling production or inspection if the opposing party has failed to produce documents or
22 failed to permit inspection as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Plaintiff
23 does not assert he requested the items now sought under Rule 34. Instead, the time for serving
24 requests under Rule 34 had closed, discovery had been reopened for the limited purpose of
25 requiring defendants to respond to the plaintiff's six sets of discovery requests served on October
26 31, 2023, and November 1, 2023, and the court's order had instructed "Plaintiff may not serve
27 any further discovery requests." (ECF No. 57 at 6.) Thus, plaintiff's present motion is properly
28 construed as encompassing a request that discovery be reopened for the purpose of requiring

3

defendant to respond to further discovery requests.

Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at, 609). In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

As to item one, plaintiff's reply argument does not dispute that the "Allegation Worksheet Log" is contained within the in camera review documents he already reviewed. (ECF No. 78 at 2-3.) The court does not find good cause to reopen discovery and denies the motion to compel in connection with item one.

As to item two, plaintiff states he did not previously request the January 8, 2019, interview because custody staff advised him it was missing on December 14, 2023. (ECF No. 77 at 4.) According to plaintiff, the in camera review documents indicate the missing interview video is in ISU Evidence Locker #51. (Id.) However, plaintiff does not explain why he did not request this item through a timely discovery request within the initial discovery period, particularly since discovery was first set to close on December 7, 2023, prior to the time custody staff informed him the video was missing. Nevertheless, plaintiff demonstrates that during review of the in camera review documents, he learned for the first time of a potential location of the video interview which custody staff informed him was missing. Under the circumstances, plaintiff acted diligently

upon learning new information and the court finds good cause to reopen discovery solely as to item two.

In item three, plaintiff seeks documents or logs that would demonstrate defendants did not willfully destroy camera footage of the alleged use of excessive force by defendant Heslop. Plaintiff did not act diligently as to item three. Plaintiff argued in his first motion to compel that camera footage of the use of force by defendant Heslop had been destroyed. (ECF No. 43 at 9-11.) Plaintiff has held this belief since he received defendants' initial discovery responses served on October 25, 2023, and November 20, 2023. (See id.; ECF No. 44-1, ¶¶ 7 & 3.) Plaintiff did not act diligently in allowing several more months to a year to pass without seeking to modify the scheduling order for the purpose of requesting through discovery the documents he seeks in item three.

The relief plaintiff seeks falls outside the proper scope of a motion to compel under Rule 37 of the Federal Rules of Civil Procedure because plaintiff did not timely request the materials under Rule 34. Plaintiff fails to show good cause to reopen the discovery period, except as to item two, the January 8, 2019, use of force interview by Lt. Burkhart.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 77) is granted in part, only to the extent that defendants shall respond to plaintiff's request for the January 8, 2019, use of force interview of plaintiff by Lt. Burkhart within 14 days of the date of this order.
2. In all other respects, the motion to compel (ECF No. 77) is denied.
3. Within 35 days of the date of this order, plaintiff shall file an opposition or statement of non-opposition to defendants' pending motion for summary judgment filed on February 5, 2024.

DATED: December 20, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE