UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>S. HESLOP,<br><br>        Defendants. | No. 2:20-cv-01622 DJC SCR P<br><br>FURTHER SCHEDULING ORDER |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Defendants' motion for summary judgment in this matter has been resolved pursuant to the order filed June 13, 2025. (ECF No. 89.) The parties convened for a settlement conference on August 28, 2025, but the case did not settle. (ECF No. 93.) Good cause appearing, the court will, by this order, lift the stay and set a further schedule for this litigation.

    The parties will be required to file pretrial statements in accordance with the schedule set forth below. Local Rule 281 sets out the requirements for a pretrial statement. Subsection (b)(16) of that rule requires the parties to inform the court whether they feel a settlement conference may be beneficial. The parties shall also inform the court whether, if another settlement conference is ordered, they consent to having the undersigned magistrate judge preside over the settlement conference or whether they wish to have another magistrate judge do so. The parties shall also provide the court with an estimate for the length of trial to assist in scheduling.

1

As set forth in this court's initial scheduling order (ECF No. 38), in addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's responsibility to produce all of the evidence to prove the case, whether that evidence is in the form of exhibits or witness testimony. If plaintiff wants to call witnesses to testify, plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I.  Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

    1. The prospective witness is willing to attend;

    And

    2. The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

    1. State the name, prisoner identification number, and address of each such witness;

    And

/////

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

    Or

    2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify.

    Or

    2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.

Whether the affidavit is made by plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses,

specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

## II. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses. Such motion must identify the witnesses who refuse to testify (by providing the name, prisoner identification number, and address of each such witness) and be accompanied by affidavits showing that each witness has actual knowledge of relevant facts (by swearing that the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts). In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

## III. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

## IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>. See 28 U.S.C. § 1821(b).

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for

the full amount of the witness' travel expenses plus the daily witness fee of $40.00. No statute authorizes the use of public funds for these expenses in civil cases. As a result, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), IT IS HEREBY ORDERED as follows:

1. The stay of the action is lifted.

2. Discovery is closed.

3. The period for filing dispositive motions is closed.

4. All parties shall serve their expert disclosures within 90 days from the date of this order. The deadline for the completion of all expert discovery is thirty days thereafter.

5. A pretrial conference (as described in Local Rule 282) will be set by further order of the court.

6. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before **January 12, 2026.** Defendants shall file their pretrial statement on or before **January 26, 2026.** The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

7. The trial date will be set by further order of the court.

DATED: September 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE